UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SCIORE,<br><br>                    *Plaintiff*,<br><br>vs.<br><br>TERRENCE MONTEVERDE, WILLIAM MCGRATH and CENTRIC BANK,<br><br><br>                    *Defendants*. | Case: 2:21-cv-5151<br><br>**COMPLAINT** |

Plaintiff Michael Sciore, ("Plaintiff" or "Sciore") by his attorneys, for his complaint against Defendant Terrence Monteverde ("Defendant Monteverde") and Defendant William McGrath ("Defendant McGrath"), and Defendant Centric Bank ("Defendant Centric Bank") (collectively, "Defendants") alleges as follows:

**STATEMENT OF CASE**

1. Plaintiff brings this action for preliminary and permanent injunctive relief and recovery of damages arising from damages arising from prima facie tort, tortious interference of contractual relations, intentional infliction of emotion distress, and the malicious, willful and unlawful publication of false, misleading, disparaging and defamatory statement regarding Plaintiff by Defendants.

2. As a result of Defendants' misconduct, Plaintiff has been and continues to be substantially and irreparably harmed.

## PARTIES

3. Plaintiff Michael Sciore ("Plaintiff Sciore") is an individual domiciled at 14366 Charthouse Circle, Naples, FL 34114. He is not a public official or a public figure.

4. Upon information and belief, Defendant Monteverde is an individual domiciled at 6318 Walton Heath Place, University Park, FL 34201.

5. Upon information and belief, Defendant McGrath is an individual domiciled at 211 Pheasant Run Road, West Chester, PA 19380.

6. Upon information and belief, Defendant Centric Bank is a Pennsylvania Financial Institute with an address of 4320 Linglestown Road, Harrisburg, PA 17112.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over Defendants because, upon information and belief, they are residents of the State of Pennsylvania and/or committed tortious acts within the State which caused injury to Plaintiff within the State. Thus, personal jurisdiction over Defendants is also proper in Pennsylvania pursuant to 42 Pa.C.S. § 5322.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2), since some, or all, of the conduct that is the subject of this action occurred in this district.

## BACKGROUND COMMON TO ALL CLAIMS

10. Plaintiff Michael Sciore is an entrepreneur who has built a well-respected business in the media and financial industries.

11. Plaintiff Sciore was a longtime customer of Defendant Centric Bank beginning in or around

2014.

12. Beginning in or around January 2020, Defendant McGrath assumed the role of chief credit officer at Defendant Centric Bank.

13. During the time Plaintiff Sciore was a customer, and through December 2019, Defendant Monteverde was employed by Defendant Centric Bank and handled certain bank matters for Plaintiff.

14. At some point during his employment with Defendant Centric Bank, Defendant Monteverde was the chief credit officer.

15. In or about October 2020, Defendant Monteverde via a telephone call to Defendant McGrath stated that Plaintiff informed him that he "wanted to kill everyone at [the] [Centric Bank]." (the "Defamatory Statement")

16. During a deposition in unrelated litigation, Defendant McGrath testified that the October 2020 phone call took place and reiterated the Defamatory Statement.

17. Upon information and belief, beginning in or about October 2020, Defendants have repeated the false statement that Plaintiff said that he "wanted to kill everyone at [the] [Centric Bank]."

18. At no point has Plaintiff ever stated that he wanted to kill, or cause any physical, bodily harm to, anyone at Defendant Centric Bank.

19. As a result of Defendants' false statement about Plaintiff, Plaintiff's reputation as a respected, honorable businessman has been significantly harmed.

20. The Defamatory Statement was particularly damaging given that it falsely stated Plaintiff made criminal threats.

## FIRST CAUSE OF ACTION
**[Defamation Per Se]**

21. Plaintiff realleges and incorporate by reference Paragraphs 1 through 20 as though fully set forth herein.

22. Defendants have intentionally made knowingly false statements of fact about Plaintiff in the Defamatory Statement.

23. The statement was made maliciously and willfully, and were intended to cause harm to Plaintiff's business and reputation.

24. The aforementioned statement was false when made and Defendants knew or should have known that the statement was false when made.

25. This statement was made maliciously and willfully, and were intended to cause harm to Plaintiff's personal and professional reputation. The statement was made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation and rights of Plaintiff.

26. The aforementioned statement was made of and concerning Plaintiff, and were so understood by those who read Defendants' publication of them.

27. Defendants falsely accused Plaintiff of threatening to kill individuals.

28. Defendants' false statement of fact tend to injure Plaintiff in his business trade and/or profession.

29. This statement was false, and upon information and belief, was published to third parties in this District.

30. As a result of Defendants' acts, Plaintiff has suffered irreparable damage to his reputation and further damages in the form of lost sales and profits, in an amount to be determined at trial.

31. As a result of the willful and malicious nature of the defamation, Plaintiff is entitled to punitive damages.

32. At all material times, Defendant McGrath was the agent and employee of Defendant Centric Bank in doing the events described and was at all times acting within the purpose and scope of such agency and employment and Defendant Centric Bank is vicariously liable under the theory of *respondeat superior* for the actions and inactions of their employees and contractors.

## SECOND CAUSE OF ACTION
### [Tortious Interference with Contractual Relations and Prospective Contractual Relations]

33. Plaintiff reallege and incorporate by reference Paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff had existing contracts with Plaintiff's customers and prospective patients, and customers expected that its contractual relationship these would continue into the future.

35. Defendants knew of Plaintiff's contracts.

36. By the wrongful conduct described above, Defendants intentionally and improperly interfered with Plaintiff's contracts with Plaintiff's customers and prospective customers, and did so with the intent and purpose of damaging Plaintiff's business and reputation.

37. Defendants' interference caused Plaintiff's customers and prospective customers to cease doing business with Plaintiff.

38. As a result of Defendants' actions, Plaintiff has been and continue to be damaged in an amount to be determined at trial.

39. Plaintiff has also suffered and will continue to suffer irreparable harm in the form of damage to their reputations as a result of Defendants' conduct described herein.

40. While an award of damages may be adequate to compensate Plaintiff for the loss of particular contracts or patients, an award of damages will not be adequate to compensate Plaintiff for the damage to their reputations caused by Defendants.  Plaintiff has suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

41. At all material times, Defendant McGrath was the agent and employee of Defendant Centric Bank in doing the events described and was at all times acting within the purpose and scope of such agency and employment and Defendant Centric Bank is vicariously liable under the theory of *respondeat superior* for the actions and inactions of their employees and contractors.

## THIRD CAUSE OF ACTION
### [Intentional Infliction of Emotional Distress]

42. Plaintiff reallege and incorporate by reference Paragraphs 1 through 41 as though fully set forth here.

43. Defendants statements that Plaintiff physically threatened the life of others occurred intentionally with a desire to harm Plaintiff.

44. Defendants' false statements that Plaintiff threatened to kill everyone at Centric Bank occurred intentionally with a desire to harm Plaintiff and to deprive them of their liberty.

45. Defendants' conduct, in assaulting Plaintiff, was without any just cause or provocation, was extreme, outrageous and utterly intolerable in a civilized community and was otherwise conduct that exceeded all reasonable bounds of human decency.

46. The manner by which Defendants sought to harm Plaintiff, including the steps described herein via creation of the Defamatory Statement to communicate with the public, was extreme and outrageous.

47. As a result of Defendants' past and continued wrongful acts, including, *inter alia*, besmirching Plaintiff's reputation and depriving them of his liberty, Plaintiff has experienced extreme and severe emotional distress.

48. At all material times, Defendant McGrath was the agent and employee of Defendant Centric Bank in doing the events described and was at all times acting within the purpose and scope of such agency and employment and Defendant Centric Bank is vicariously liable under the theory of *respondeat superior* for the actions and inactions of their employees and contractors.

## FOURTH CAUSE OF ACTION
### [Prima Facie Tort]

49. Plaintiff realleges and incorporates by reference Paragraphs 1 through 48 as though fully set forth here.

50. Defendant published the above statement concerning Plaintiff, intentionally and with the specific intent and desire to injure Plaintiff by fraud and deceit. Defendants' course of conduct in doing so was motivated by spite and malevolence, and has no legal justification.

51. By reason of the foregoing, Defendants have caused irreparable harm to Plaintiff's personal and professional reputations, and have tormented them within their local union, putting the future of their union membership and receipt of retirement benefits in jeopardy-as well as their ability to defend their reputations publicly.

52. As a result of Defendants' past and continued wrongful acts, Plaintiff has suffered damages in the form of, inter alia, lost business opportunities.

53. In addition, Plaintiff has suffered and will continue to suffer irreparable harm unless injunctive relief is granted.

54. At all material times, Defendant McGrath was the agent and employee of Defendant Centric Bank in doing the events described and was at all times acting within the purpose and scope of such agency and employment and Defendant Centric Bank is vicariously liable under the theory of *respondeat superior* for the actions and inactions of their employees and contractors.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants awarding Plaintiff:

1. a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from disparaging or otherwise posting defamatory comments about Plaintiff;

2. an Order at the conclusion of the present matter directing Defendants to undertake such remedial efforts as the Court deems necessary to restore Plaintiff's reputation;

3. an Order at the conclusion of the present matter directing Defendants to retract the Defamatory Statement;

4. actual damages in an amount to be determined at trial, but in no event less than $100,000, due to commercial defamation per se, and an order directing Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, to remove, delete, or otherwise disable such posts;

5. exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community;

6.  actual damages in an amount to be determined at trial, but in no event less than $100,000, due to common law tortious interference;

7.  actual damages in an amount to be determined at trial, but in no event less than $100,000, due to intentional infliction of emotional distress;

8.  actual damages in an amount to be determined at trial, but in no event less than $100,000, due to prima facie tort;

9.  attorney's fees and costs as permitted by law; and

10. such other relief as the Court deems just and equitable under the circumstances.

Dated:      11/22/2021

Respectfully submitted,

**WOLF BALDWIN & ASSOCIATES PC**

/s/ Joshua D. Macel
Joshua D. Macel
PA Attorney ID No. 310507
800 E. High Street
Pottstown PA 19464
jmacel@wolfbaldwin.com
Tel: (610) 323-7436

**LEWIS & LIN, LLC**

/s/ David D. Lin
David D. Lin, Esq. (*pro hac vice forthcoming*)
Lauren Valli, Esq. (*pro hac vice forthcoming*)
77 Sands Street, 6th Floor
Brooklyn, NY 11201
David@iLawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326

*Attorneys for Plaintiff*