IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SCIORE, | : |
| *Plaintiff,* | : |
| | : CIVIL ACTION |
| v. | : |
| | : No. 2:21-CV-05151-JMY |
| TERRENCE MONTEVERDE, | : |
| WILLIAM MCGRATH and CENTRIC BANK, | : |
| *Defendants.* | : |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on May 17, 2022 and submit the following report of their meeting for the court's consideration:

**1. Discussion of Claims, Defenses and Relevant Issues**

<u>Plaintiff's Position:</u>

Plaintiff brings this action for permanent injunctive relief and recovery of damages arising from acts constituting prima facie tort, tortious interference of contractual relations, intentional infliction of emotional distress, and the malicious, willful and unlawful publication of a false, misleading, disparaging and defamatory statement regarding Plaintiff by Defendants, namely that he "wanted to kill everyone at [the] [Centric Bank]."(the "Defamatory Statement"). Plaintiff anticipates conducting discovery, *inter alia*, regarding each utterance of the Defamatory Statement.

Currently a motion to dismiss is pending. Plaintiff reserves his right to file a dispositive motion at the conclusion of discovery.

<u>Defendants' Position:</u>

Defendants' aver that no actual defamatory statements were made by any of the Defendants, and that the alleged defamatory statements cited by the Plaintiff were made during a deposition in a related action against the Plaintiff and are protected by judicial privilege. Additionally, Defendants assert that Plaintiff has not adequately pled any of his additional causes of action against any of the Defendants.

Defendants have filed a motion to dismiss Plaintiff's Amended Complaint, which motion is pending. In the event that Defendants' Motion to Dismiss is not granted by the Court, Defendants reserve the right to file a dispositive motion at the end of discovery.

2. **Informal Disclosures**

The parties will exchange Initial Disclosures by June 8, 2022, which is 14 days after the Rule 16 conference to be held on May 25, 2022.

3. **Formal Discovery**

The parties propose a completion of fact discovery by August 4, 2022. While this deadline is within the 120 days the Court provides for completion of discovery (i.e. until September 22, 2022), the deadline for completion of expert discovery, discussed below, extends one week past this deadline. The parties do not believe that this would cause any undue delay in adjudicating the action.

The parties also have agreed to the limitation of 25 interrogatories as permitted by the Federal Rules of Civil Procedure.

The parties do not anticipate any issues related to electronically stored information or other e-discovery matters.

The parties are discussing entering into a protective order and F.R.E 502 stipulation.

4. **Expert Witness Disclosures**

The parties are unaware at this time if expert witnesses will be engaged. Notwithstanding the parties propose that any expert reports be exchanged by September 1, 2022, expert rebuttal reports by September 22, 2022 and any expert depositions be completed by September 29, 2022.

5. **Early Settlement or Resolution**

The parties will have settlement discussions no later than August 11, 2022.

6. **Magistrate Jurisdiction**

The parties do not all consent to the entire matter being transferred to the jurisdiction of a U.S. Magistrate Judge

7. **Trial date**

The parties are available from January 4, 2023 until January 25, 2023.

8. **Other Matters**

No other matters were discussed by the parties.

Dated: May 18, 2022

**LEWIS & LIN LLC**

/s/Lauren Valli_____
Lauren Valli, Esq. (admitted *pro hac vice*)
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: 718-243-9323
Fax: 718-243-9326
Lauren@ilawco.com

**BERGER LAW GROUP, P.C.**

/s/Phillip D. Berger_____
Phillip D. Berger, Esq.
919 Conestoga Road, Suite 114
Rosemont, PA 19010
(610) 668-0800; (610) 668-2800 (fax)
Email: Berger@bergerlawpc.com